UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS KLEVER HUANGA HUANGA,

                           Petitioner,

-against-

THOMAS DECKER, Director, New York Field Office, U.S. Immigration and Customs; ALEJANDRO MAYORKAS, Secretary, U.S. Secretary of Homeland Security; MERRICK GARLAND, U.S. Attorney General; CARL E. DUBOIS, Sheriff, Orange County,

                           Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/24/2022__

22 Civ. 1301 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Petitioner, Luis Klever Huanga Huanga, requests that the Court issue a temporary restraining order ("TRO") that (1) enjoins Respondents Thomas Decker, Alejandro Mayorkas, Merrick Garland, and Carl E. Dubois from removing him from this Court's jurisdiction, (2) requires Respondents to release him upon his own recognizance, and (3) prevents Respondents from arresting him for civil immigration detention purposes during the pendency of his immigration proceedings. TRO at 1, ECF No. 3. In the alternative, Petitioner requests a new bond hearing. *Id*. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting substantially the same relief. ECF No. 1.

      Because Petitioner seeks a TRO that both "alters the status quo" and "provide[s] the ultimate relief sought in the underlying action," a heightened standard applies. *See Demirayak v. City of New York*, 746 F. App'x 49, 51 (2d Cir. 2018) (citing *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995)). To obtain the requested relief, Petitioner must make a "clear showing that he is entitled to the relief requested, or that 'extreme or very serious damage' will result from denial of preliminary relief." *Id*. (quoting *Nicholson v. Scoppetta*, 344 F.3d 154, 165 (2d Cir. 2003).

Moreover, because the purpose of preliminary relief is to preserve the status quo between the parties pending a full hearing on the merits, courts generally consider it improper to give a petitioner the ultimate relief he seeks in response to a TRO. *See, e.g.*, *Powell v. Fannie Mae*, No. 16 Civ, 1359, 2017 WL 712915, at *2 (S.D.N.Y. Feb. 2, 2017).

With the exception of Petitioner's request that the Court enjoin Respondents from removing him from this Court's jurisdiction, Petitioner has not satisfied the heightened standard that applies to the Court's review of his request for a TRO. *See*, *generally*, TRO at 1. Accordingly, Petitioner's request for a TRO is GRANTED only to the extent that Respondents are enjoined from moving him to a different facility, and DENIED in all other aspects. Respondents are enjoined from moving Petitioner from his place of custody, Orange County Correctional Facility, Orange County, New York, pending the Court's determination of his petition for habeas corpus. The Court shall consider the remainder of Petitioner's requests for relief when resolving his petition, and shall resolve the petition in due course.

SO ORDERED.

Dated: February 24, 2022
   New York, New York

_____
ANALISA TORRES
United States District Judge